UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PHILLIP A. MARLOW,

        Petitioner,

v.

SCOTT FRAKES,

        Respondent.

CASE NO. C10-5085BHS

ORDER ADOPTING REPORT AND RECOMMENDATION, AND DISMISSING PETITION FOR WRIT OF HABEAS CORPUS

      This matter comes before the Court on the Report and Recommendation of the Honorable Karen L. Strombom, United States Magistrate Judge (Dkt. 17) and Petitioner Phillip A. Marlow's ("Marlow") Objections to the Report and Recommendation (Dkt. 18).

## I. PROCEDURAL AND FACTUAL HISTORY

      On January 22, 2010, Marlow filed[1] a petition for writ of habeas corpus challenging his state court conviction by guilty plea for one count of assault in the first degree. Dkt. 5. On July 1, 2010, Judge Strombom issued a Report and Recommendation finding that the petition was time barred and recommending that the petition be dismissed

---

[1] January 22, 2010, is the date Marlow signed his petition and therefore is the date the Court deems the petition to be filed. *See Huizar v. Carey*, 273 F.3d 1220, 1222 (9th Cir. 2001) (stating that "[u]nder the 'prison mailbox rule' . . . a prisoner's . . . habeas petition is deemed filed when he hands it over to prison authorities for mailing in the district court").

ORDER – 1

1  with prejudice.  Dkt. 17 at 12.  Specifically, Judge Strombom found that, under 28 U.S.C.
2  § 2244(d), the federal statute of limitations governing Marlow's habeas petition began to
3  run on October 9, 2007.  *Id*. at 8-9.  Judge Strombom also found that, based on the facts
4  and arguments submitted by Marlow, the time period for filing a petition was not subject
5  to equitable tolling.  *Id*. at 9-11.

6  On July 15, 2010, Marlow filed objections to the Report and Recommendation.
7  Dkt. 18.  Marlow argues that the Court should reject Judge Strombom's findings that the
8  federal statute of limitations began to run October 9, 2007 and denial of his request for
9  equitable tolling.  *Id*. at 1-2.

10  Under Rule 8(b) of the rules governing habeas petitions brought under § 2254 of
11  the United States Code, the district court judge "must determine *de novo* any proposed
12  finding or recommendation to which objection is made" and "may accept, reject, or
13  modify any proposed finding or recommendation."  Rule 8(b), Rules Governing Section
14  2254 Cases.

15  In this matter, the Court finds that Marlow has properly objected to Judge
16  Strombom's findings that the federal statute of limitations for filing his petition began to
17  run on October 9, 2007 and such limitations were not subject to equitable tolling.
18  Therefore, the Court will engage in a de novo review of Judge Strombom's findings.

19  While Marlow objects to Judge Strombom's findings regarding the timeliness of
20  his petition, he makes no objection to her description of the procedural history in this
21  case.  *See generally* Dkt. 18.  Therefore, the Court will adopt the procedural history as it
22  appears in the Report and Recommendation.  Dkt. 17 at 2-3.

## II. DISCUSSION

24  The following statute of limitations governing habeas corpus petitions was
25  established by the Antiterrorism and Effective Death Penalty Act ("AEDPA"):

26      (d)(1) A 1-year period of limitation shall apply to an application for a
   writ of habeas corpus by a person in custody pursuant to the judgment of a
27  State court.  The limitation period shall run from the latest of –

28

ORDER – 2

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or law of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). When a petitioner seeks review of a state court conviction in the state's highest court, but does not file a petition for writ of certiorari in the United States Supreme Court, the one-year limitations period begins to run on the date the time for seeking certiorari expires. *Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999). Under Supreme Court Rule 13, the time period for seeking certiorari to the United States Supreme Court is ninety days. *Id*. at 1159.

**A.      Statutory Tolling**

Under § 2244(d)(2), "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." However, state court petitions rejected as untimely are not "properly filed" and are therefore not entitled to tolling under § 2244(d)(2). *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005). In *Pace*, the Supreme Court specifically held that "time limits, no matter their form, are 'filing' conditions. Because the state court rejected petitioner's PCRA petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under § 2244(d)(2)." *Id*.

Here, Marlow's petition for review was denied in a July 11, 2007 order by the Chief Justice for the Washington Supreme Court. Dkt. 14, Exh. 13. Marlow did not file a petition for writ of certiorari in the United States Supreme Court. Therefore, for federal habeas corpus purposes, the Washington Supreme Court decision became final ninety days later, on October 9, 2007. *See Bowen*, 188 F.3d at 1160; *Wixom v. Washington*, 264 F.3d 894, 897-98 (9th Cir. 2001). Accordingly, Judge Strombom concluded that the one-

ORDER – 3

year statute of limitations period in which Marlow had to file his federal petition for habeas corpus expired on or about October 9, 2008. Dkt. 17 at 9.

In his objections to the Report and Recommendation, Marlow maintains that he is entitled to statutory tolling for the period in which his personal restraint petition was pending in the Washington Court of Appeals, specifically July 14, 2008 until September 29, 2009. Dkt. 18 at 1-2. Marlow argues that because the Acting Chief Judge of the Washington Court of Appeals originally found that his personal restraint petition was timely (*see* Dkt. 14, Exh.16), the Washington Supreme Court Commissioner's later finding that the petition was untimely (Dkt. 14, Exh. 18) entitles him to an evidentiary hearing in this Court. Dkt. 18 at 2.

The Court concludes that for purposes of Marlow's federal habeas petition, his state court conviction became final on October 9, 2007. In denying Marlow's personal restraint petition, the Washington Supreme Court Commissioner specifically found that such petition was untimely. Dkt. 14, Exh. 18 at 1-2. The fact that a lower state court judge originally found that Marlow's petition was timely is irrelevant as this Court is bound by the later decision of the Washington Supreme Court which found that the petition was untimely. *See id*. Thus, the Court concludes that Marlow is not entitled to statutory tolling under § 2244(d) and the federal statute of limitations began to run on his habeas corpus petition on October 9, 2007.

**B.    Equitable Tolling**

The Ninth Circuit has held that "[e]quitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time." *Calderon v. U.S. District Court (Beeler)*, 128 F.3d 1283, 1288 (9th Cir. 1997)*, overruled on other grounds, Calderon v. U.S. District Court (Kelly)*, 163 F.3d 530 (9th Cir. 1998), *abrogated on other grounds, Woodford v. Garceau*, 538 U.S. 202 (2003) (citing *Alvarez-Machain v. United States*, 107 F.3d 696, 701 (9th Cir. 1997)). "Indeed, 'the threshold necessary to trigger

ORDER – 4

equitable tolling is very high, lest the exception swallow the rule.'" *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 1998). A petitioner has the burden of demonstrating that equitable tolling is appropriate. *Id*. at 1065.

    Marlow argues that he is entitled to equitable tolling because he was deprived of access to the law library while incarcerated in Eloy, Arizona and because he was transferred to five different prisons between May of 2006 and February of 2009. Dkt. 18 at 2. Even assuming Marlow did not have access to the law library in Eloy, Arizona, he was transferred from Eloy to Florence, Arizona in September of 2006. *Id*. Marlow's state court conviction did not become final until over a year later, on October 9, 2007. *See supra* Section II.A. Therefore, Marlow's access to the law library from May of 2006 until September of 2006 is irrelevant to the filing of his federal habeas corpus petition. In addition, the fact that he was moved to multiple prisons over a period of years is insufficient to show why Marlow's petition was filed over two years after the statute of limitations expired. If the Court were to equitably toll the limitations period based on the transfer of prisoners to multiple prisons, the exception would indeed swallow the rule. *See Miranda*, 292 F.3d at 1066 (9th Cir. 1998). Therefore, the Court concludes there are no grounds for equitable tolling in this case because Marlow has failed to show "extraordinary circumstances" that made it "impossible to file a petition on time" and, therefore, Marlow's petition for federal habeas corpus relief is time barred under § 2244(d).

**C.  Additional Objections**

    The Court notes that Marlow makes two additional "objections" to Judge Strombom's Report and Recommendation based on her statements regarding the ninety-day period in which Marlow had to file his petition for writ of certiorari to the Washington Supreme Court. First, Marlow appears to confuse the opportunity he had to file a petition for writ of certiorari to the United States Supreme Court following the decision by the Washington Supreme Court with a petition for writ of certiorari he may

ORDER – 5

1  file in the United States Supreme Court following a decision by the Ninth Circuit Court of
2  Appeals if Marlow chooses to appeal the decision by this Court. *See* Dkt. 18 at 3.
3  Second, Marlow appears to confuse Judge Strombom's statement that his state court
4  conviction became final ninety days after it was entered by the Washington Supreme
5  Court with the one-year period following the end of that ninety days in which he had to
6  file his federal habeas corpus petition. *Id*. In any event, Marlow does not appear to
7  actually object to anything in the Report and Recommendation based on this confusion,
8  and the Court includes these objections for the purpose of clearing up any confusion
9  Marlow may have.

## III. CERTIFICATE OF APPEALABILITY

Under 28 U.S.C. § 2253(c) and Federal Rule of Appellate Procedure 22(b), a petitioner may not appeal the final order in a habeas corpus proceeding in which the detention complained of arises out of a state court proceeding or in a proceeding under 28 U.S.C. § 2255 unless the district court or the Ninth Circuit issues a certificate of appealability identifying the particular issues that may be pursued on appeal. *United States v. Asrar,* 116 F.3d 1268, 1270 (9th Cir. 1997). Rule 11(a) of the rules governing § 2254 habeas cases requires that the district court issue or deny a certificate of appealability when it enters a final order that is adverse to the petitioner. Rule 11(a), Rules Governing Section 2254 Cases.

To obtain a certificate of appealability, a petitioner must make a substantial showing of the denial of a constitutional right. A petitioner must also demonstrate that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When the denial is based on procedural grounds, a petitioner must show that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a

ORDER – 6

constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.*

Having reviewed the record in its entirety in this case, the Court concludes that the determination that Marlow's petition is time barred is not debatable among reasonable jurists. Therefore, the Court declines to issue Marlow a certificate of appealability.

## IV. ORDER

Therefore, the Court having considered the Report and Recommendation, Marlow's objections, and the remaining record, does hereby find and **ORDER** that:

(1) The Court adopts the Report and Recommendation;

(2) Marlow's § 2254 petition is **DISMISSED with prejudice** as time barred; and

(3) Marlow is not entitled to a certificate of appealability.

DATED this 25th day of August, 2010.

				BENJAMIN H. SETTLE
				United States District Judge

ORDER – 7